IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

GEORGE MILAM HALL,

                Plaintiff,

Vs.                                 No. 07-4128-SAC

DOUGLAS P. WITTEMAN, et al,

                Defendants.

## MEMORANDUM AND ORDER

This case comes before the court on plaintiff's motion for default and entry of judgment (Dk 47), and for oral argument (Dk. 44).

In this motion, pro se plaintiff contends that he sued defendant Phillip M. Fromme in his individual capacity only, and not in his official capacity as a Judge of the 4th District, but that defendant Fromme responded in his official capacity only, leaving no responsive pleading filed by defendant Fromme in his individual capacity. Plaintiff thus contends that default is warranted.

The record confirms that defendant Phillip M. Fromme was sued in his individual capacity only, and was served on January 2, 2008. He

requested and received an extension of time in which to file a responsive pleading, (Dk. 5), and on January 14, 2008, filed a timely motion to dismiss. (Dk. 9). When plaintiff did not timely respond to that motion to dismiss, the court ordered him to show cause why defendant Fromme's motion should not be considered and decided as uncontested. (Dk. 26). Plaintiff filed a timely response to the show cause order, Dk. 46, and has responded on the merits, Dk. 47, asserting that he did not believe he had any obligation to respond to a motion filed by a non-party, *i.e.*, defendant Fromme in his official capacity.

Rule 55 of the Federal Rules of Civil Procedure requires two sequential steps before entry of a default judgment. *Canady v. Erbe Elektromedizin GMBH*, 307 F.Supp.2d 2, 9 (D.D.C.2004); *Webster Industries, Inc. v. Northwood Doors, Inc.*, 244 F.Supp.2d 998, 1003 (N.D.Iowa 2003). Rule 55(a) specifies the first step: "When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules and that fact is made to appear by affidavit or otherwise, the clerk shall enter the party's default." Entry of default is a prerequisite to default judgment. *Ramada Franchise Systems, Inc. v. Baroda Enterprises*, 220 F.R.D. 303, 305 (N.D.Ohio 2004).

The burden rests with the party seeking a default judgment to request an entry of default from the clerk and to submit the required proof that the named defendant failed to plead or otherwise defend after being properly served with the complaint and summons. *Canady*, 307 F.Supp.2d at 9; *Ramada Franchise Systems*, 220 F.R.D. at 305; *Webster Industries, Inc.*, 244 F.Supp.2d at 1003. The second step, pursuant to Rule 55(b), is for the moving party then to seek entry of judgment on the default under either subdivision (b)(1) or (b)(2). *Webster Industries, Inc.*, 244 F.Supp.2d at 1003.

The court finds no basis for entry of default or for a default judgment. The plaintiff's motion for default judgment is premature, as he has failed to accomplish the first step of applying for an entry of default with the clerk of the court. In its discretion, a court may direct the clerk to enter default when the premature filing furnishes the required proof. *See Ramada Franchise Systems*, 220 F.R.D. at 305. The plaintiff's motion, however, is substantively deficient as well, as it does not provide the necessary proof that the named defendant failed to plead or otherwise respond to his complaint.

The parties agree that defendant Fromme timely responded to

3

plaintiff's complaint by filing a motion to dismiss. They dispute solely whether he did so in his individual or in his official capacity. The Tenth Circuit has not addressed this issue, but has held that when a §1983 plaintiff fails to expressly indicate the capacity in which a state official is being sued, the court looks "to the substance of the pleadings and the course of the proceedings in order to determine whether the suit is for individual or official liability." *Trackwell v. U.S. Government,* 472 F.3d 1242, 1244 (10th Cir. 2007), quoting *Pride v. Does*, 997 F.2d 712, 715 (10th Cir.1993). This court believes the same approach is useful in this case to determine the capacity in which the defendant responded.

Although defendant Fromme fails to expressly aver his capacity in his pleadings and motions, that lack of designation is not prejudicial to the plaintiff or controlling here, because defendant has been sued in only one capacity. It is reasonable to assume that a person would respond in the same capacity in which he has been sued. The court agrees that failure to indicate a party's capacity could be problematic in the usual case in which a defendant is sued in both his official capacity and in his individual capacity,[1] but such is not the case here.

---

[1] Such was the case in *Scheideman v. Shawnee County Board of Commissioners*, 895 F. Supp. 279 (D. Kan. 1995).

4

Plaintiff's conclusion that defendant Fromme must have pleaded in his official capacity is based in large part upon the fact that defendant Fromme included the defense of "absolute judicial immunity" in his motion to dismiss (Dk. 10, p. 14-15), which defense is available to the defendant only in his official capacity. The court understands plaintiff's argument and finds it to be a reasonable response of a lay person, but believes that this defense was likely included, among numerous other defenses, as a matter of oversight or habit[2] instead of as a result of artful pleading. The court does not find the fact that counsel for defendant included that defense among others to be indicative of defendant's true capacity. Accordingly, plaintiff cannot avoid responding to defendant Fromme's motions on the basis that defendant Fromme has not acted to date in his individual capacity.

Defendant's filings are no model of clarity on this issue, however. The court suggests that to avoid future confusion on this matter, counsel for defendant Fromme indicate in his signature block on all future filings that he represents defendant in his individual and/or official capacity.

---

[2]The vast majority of clients represented by the Attorney General's office, in this court's experience, are represented in their official capacities, as well as in their individual capacities, because they are sued in both capacities.

The court finds that oral argument would not materially assist it in its resolution of this matter, and thus denies plaintiff's request for such.

IT IS THEREFORE ORDERED that plaintiff's motion for default and entry of judgment (Dk. 47) is denied, and that plaintiff's request for oral argument (Dk. 44) is also denied.

Dated this 12th day of March, 2008, Topeka, Kansas.

s/ Sam A. Crow
Sam A. Crow, U.S. District Senior Judge