IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

GEORGE MILAM HALL,                          )
                                            )
                Plaintiff,                  )
                                            )
v.                                          )   Case No. 07-4128-SAC
                                            )
DOUGLAS P. WITTEMAN, *et al.*,              )
                                            )
                Defendants.                 )

ORDER

This matter comes before the court upon various motions of defendants to stay discovery.

First, defendant Fromme filed a Motion to Stay Discovery (Doc. 11). Thereafter, defendant

Anderson County Commissioners filed a Motion to Stay Discovery (Doc. 24). Defendant James

Campbell has also filed a Motion to Stay Discovery (Doc. 53). Finally, defendants Green and

Ryburn have requested a stay of discovery in their Motion to Dismiss (Doc. 60). Also before the

court is plaintiff Hall's Motion to Toll or Otherwise Extend the Time to Respond to All Outstanding

Motions by Defendants (Doc. 49).

Plaintiff Hall has made several responsive filings in this case, but none address the various

requests to stay discovery. On February 21, 2008, Mr. Hall filed what was titled as a "Response to

Defendant Fromme's Motion to Dismiss and Stay" (Doc. 43). Even so, the supporting

Memorandum (Doc. 45) solely addresses defendant Fromme's Motion to Dismiss. On March 13,

2008, Mr. Hall also filed "Response to All Motions and Responses Filed By Any Party Since

11/30/2007" (Doc. 67). Again, this filing does not address the various requests to stay discovery.

Mr. Hall has separately filed, on February 21, 2008, his own Motion to Toll or Otherwise Extend the Time to Respond to All Outstanding Motions by Defendants (Doc. 49).  At the time of the filing the pending motions of defendants included:

- Defendant Fromme's Motion to Dismiss (Doc. 9);

- Defendant Fromme's Motion to Stay Discovery (Doc. 11);

- Defendant Anderson County Commissioner's Motion to Dismiss and/or For More Definite Statement (Doc. 20);

- Defendants Hassert, Jones, Joy, Kelley, McMurray, Robrahn and Smiths' Motion to Dismiss (Doc. 22); and

- Defendant Anderson County Commissioner's Motion to Stay Discovery (Doc. 24).

Since Mr. Hall filed his motion for extension of time, several other motions have been filed by defendants which include:

- Defendant Campbell's Motion to Dismiss and/or For a More Definite Statement (Doc. 51);

- Defendant Campbell's Motion to Stay Discovery (Doc. 53);

- Defendants Green and Ryburn's Motion to Dismiss and Stay Discovery (Doc. 60);

- Defendant Coffey County Commissioner's Motion to Dismiss (Doc. 63); and

- Defendant Fromme's Motion for Reconsideration (Doc. 65)

In his motion for extension of time, Mr. Hall discusses issues related to service of the numerous defendants, and defendants' immunity.  He goes on to list several other reasons he contends warrant tolling his responses to the pending motions in the case.  Mr. Hall makes no reference to any specific reason he cannot respond to the pending motions within the time allowed

by the local rules.  He also does not provide the court a time frame within which he could file

responses.

Defendants Hastert, Jones, Joy, Kelly, McMurray, Robrahn and Smith filed a response to

plaintiff Hall's motion (Doc. 59).  Defendant Fromme has also filed a response (Doc. 58).  The

defendants argue that although plaintiff Hall is proceeding pro se, he must follow the procedural

rules just as any other litigant.

**I.      Staying Discovery**

The court does not ordinarily favor staying discovery pending resolution of dispositive

motions or motions to dismiss because of the delay such a stay may occasion in obtaining a timely

resolution of the matter.  However, "it is appropriate for a court to stay discovery until a pending

dispositive motion is decided. . . where the case is likely to be finally concluded as a result of the

ruling thereon; where the facts sought through uncompleted discovery would not affect the

resolution of the motion; or where discovery on all issues of the broad complaint would be

wasteful."[1]

At this time, the various motions to dismiss filed by the defendants assert that plaintiff has

failed to state a claim upon which relief can be granted, the defendants are immune from suit and

that the court lacks subject matter jurisdiction.  Additionally, the court has not yet entered an order

directing the parties to confer and formulate a plan for completion of discovery pursuant to Fed. R.

Civ. P. 26(f).

There is a potential for rulings on the pending motions to dismiss to be completely

dispositive, to eliminate one or more defendants from the action, or to narrow the issues remaining

---

[1] *Wolf v. United States*, 157 F.R.D. 494, 494-95 (D. Kan. 1994).

for discovery.  Moreover, after review of the pending motions to dismiss, it does not appear to the court that facts sought by any discovery would impact the briefing or resolution of these motions. Accordingly, by imposing a stay on discovery now, before discovery activities have truly begun, the court can prevent any waste of the parties' resources from the conduct of discovery on any aspect of the case that does not survive the pending motions.

Therefore, the court finds that a stay of discovery would not prejudice any party, will allow the parties to have knowledge of what, if any, claims remain prior to expending resources on discovery, and is appropriate in this instance.  Because the court finds merit in the relief requested, the court will grant defendants' motions and grant a stay of discovery in this case.  The stay imposed will extend until the trial judge has ruled upon all motions to dismiss currently pending, or further order of the court.

**II.      Extension of Time for Hall to Respond to Outstanding Motions**

Plaintiff Hall filed his Motion for Extension of Time on February 21, 2008.  The motion was timely regarding Anderson County Commissioner's Motion to Dismiss (Doc. 20) and defendants Hastert, Jones, Joy, Kelly, McMurray, Robrahn and Smith Motion to Dismiss (Doc. 22).  Even so, it was out of time with regard to defendant Fromme's Motion to Dismiss (Doc. 9) as the local rules required a response by February 6, 2008.  The court acknowledges that Stephen Phillips, counsel for defendant Fromme, agreed to a twenty day extension, or until February 26, 2008 to file a response to defendant Fromme's Motion to Dismiss.  However, plaintiff Hall never filed a formal motion with the court before the original response deadline of February 6, 2008, despite the informal agreement between the parties.  Even so, because counsel for defendant Fromme had no objection to a twenty day extension, the court will consider the response as timely.

4

Practically, plaintiff Hall's motion does not address any of the motions filed after his motion for extension of time. The court notes that the response period for several subsequently filed motions has already passed. A response regarding defendant Campbell's Motion to Dismiss was due on March 20, 2008. Moreover, the response periods for defendants Green and Ryburn's Motion to Dismiss ran on March 31, 2008, and Coffey County Commissioner's Motion to Dismiss on April 4, 2008. No extension was requested by plaintiff Hall nor granted by the court regarding these motions filed subsequent to plaintiff Hall's motion for extension of time.

Regardless of his pending motion for extension of time, plaintiff Hall has filed various responses in this case. As discussed above, on February 21, 2008, plaintiff did file a response to defendant Fromme's Motion to Dismiss (Doc. 44). Defendant Fromme filed a reply on February 28, 2008 (Doc. 57). On March 13, 2008, plaintiff Hall filed a "Response to all Motions and Responses Filed by Any Party Since 11/30/07." In theory, this motion would then relate to all the defendants' currently pending motions to dismiss. The court notes however that plaintiff Hall's response  in large part focuses solely on the claims against defendant Fromme. Mr. Hall does not address each pending motion to dismiss independently.

Despite these facts, and out of an abundance of caution, the court finds that plaintiff Hall should be given leniency in this case. Given the number of currently outstanding motions, plaintiff's *pro se* status, and the complexity of the issues raised, the court will grant plaintiff a thirty day extension of time from today's date to respond to all pending  motions. The court notes that defendant Fromme's Motion to Dismiss is fully briefed as plaintiff Hall has filed a response (Doc. 44), to which defendant Fromme replied (Doc. 57). The court further notes that defendant Fromme's Motion to Reconsider (Doc. 65) is fully briefed as plaintiff Hall has responded (Doc. 74), to which

defendant Fromme replied (Doc. 77).  Therefore, should plaintiff decide that his current responses are inadequate he may file on or before May 14, 2008 responses to defendant Anderson County Commissioner's Motion to Dismiss (Doc. 20); defendants Hastert, Jones, Joy, Kelley, McMurray, Robrahan and Smith's Motion to Dismiss (Doc. 22); defendant Campbell's Motion to Dismis (Doc. 51);  defendants Green and Ryburn's Motion to Dismiss (Doc. 60); and defendant Coffey County Commissioner's Motion to Dismiss (Doc. 63).

The court cautions plaintiff that any additional extension will not be granted absent a showing of exceptional circumstances.  While plaintiff is proceeding *pro se,* he is still expected to follow the both the Federal Rules of Civil Procedure and this District's local rules.  The court would further instruct plaintiff that his responses should relate individually to each pending motion, rather than making blanket contentions.  This will aid the court in disposition of the issues of the case.

Accordingly,

**IT IS THEREFORE ORDERED** that defendant Fromme's Motion to Stay Discovery (Doc. 11) is hereby granted.

**IT IS FURTHER ORDERED** that Defendant Anderson County Commissioner's Motion to Stay Discovery (Doc. 24) is hereby granted.

**IT IS FURTHER ORDERED** that  Defendant James Campbell's Motion to Stay Discovery (Doc. 53) is hereby granted.

**IT IS FURTHER ORDERED** that discovery in this case is hereby STAYED pending a ruling by the trial judge on the pending motions to dismiss.  This stay applies only to discovery activities and does not in any way apply to or affect the deadlines for the parties to brief the various motions currently pending before U.S. Senior Judge Sam A. Crow.

**IT IS FURTHER ORDERED** that plaintiff's Motion to Toll or Otherwise Extend the Time to Respond to All Outstanding Motions by Defendants (Doc. 49) is hereby granted.  Plaintiff shall have up to and including **May 14, 2008** within which to respond to all motions currently pending which are not already fully briefed.  These motions include and are limited to: defendant Anderson County Commissioner's Motion to Dismiss (Doc. 20); defendants Hastert, Jones, Joy, Kelley, McMurray, Robrahan and Smith's Motion to Dismiss (Doc. 22); defendant Campbell's Motion to Dismis (Doc. 51);  defendants Green and Ryburn's Motion to Dismiss (Doc. 60); and defendant Coffey County Commissioner's Motion to Dismiss (Doc. 63).

**IT IS SO ORDERED.**

Dated this <u>14th</u> day of April, 2008, at Topeka, Kansas.

<u>s/ K. Gary Sebelius</u>
K. Gary Sebelius
U.S. Magistrate Judge

7