IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| GEORGE MILAM HALL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 07-4128-SAC |
| ) | |
| DOUGLAS P. WITTEMAN, *et al.*, ) | |
| ) | |
| Defendants. ) | |

ORDER

This matter comes before the court upon plaintiff's Motion for Reconsideration of Judge Sebelius' Order Doc. 85 (Doc. 91). The court concludes that plaintiff Hall requests the court reconsider its decision to make Mr. Hall file responsive pleadings to the motions to dismiss currently pending. The Board of County Commissioners of Anderson County, the individual commissioners and James Campbell have filed a response in opposition to plaintiff's motion (Doc. 97) as has defendant Phillip Fromme (Doc. 98). The court finds further briefing on the issue unnecessary and is prepared to rule.

At the outset, the court notes that it is perplexed as to why plaintiff, after receiving a favorable ruling from the court, would file a motion for reconsideration. The court allowed Mr. Hall thirty days from the date of its ruling to respond to all pending motions to dismiss. The court finds this time frame more than reasonable as it is more time than allowed by the Federal Rules of Civil Procedure to respond to potentially dispostive motions. Generally, parties are given 23 days to respond to potentially dispostive motions. Moreover, a majority of the motions have been pending for several months, giving Mr. Hall ample time to draft responses. Finally, the court questions why,

if Mr. Hall was able to file the twenty-four page motion for reconsideration, he would not have the time or ability to respond to the pending motions to dismiss.

D. Kan. R. 7.3(b) provides "[m]otions seeking reconsideration of non-dispositive orders shall be filed within ten days after the filing of the order unless the time is extended by the court. A motion to reconsider shall be based on (1) an intervening change in controlling law, (2) the availability of new evidence, or (3) the need to correct clear error or prevent manifest injustice."

Based on the local rules of this District, plaintiff Hall's motion was untimely. The court filed its Order on April 14, 2008, and plaintiff filed his Motion for Review on April 30, 2008. To be timely, a motion for reconsideration should have been filed by April 28, 2008. Therefore, the court finds the instant motion should be denied as untimely. The court further finds that plaintiff does not assert any intervening change of controlling law or any new evidence which would change the outcome of the courts decision. The court also holds that it decision requiring plaintiff to file responses to the various motions to dismiss was sound and in accordance with the Federal Rules of Civil Procedure. Thus, there is no need to correct clear error or prevent manifest injustice.

Finally, the court notes that no discovery is needed for plaintiff to respond to the issues presented in the various motions to dismiss as they deal with questions of law, such as qualified immunity and failure to state a claim upon which relief may be granted, not questions of fact. Similarly, the status of plaintiff's Motion to Join Additional Parties or those defendants not yet served is irrelevant regarding the motions to dismiss currently pending.

As a service to Mr. Hall, the court notes that since the filing of the court's ruling, another motion to dismiss was filed on May 1, 2008, by the City of Garnett, Kansas and Terry Solander (Doc. 89). No extension of time has been requested nor granted to respond to this motion.

Therefore, the response date, as dictated by the Federal Rules of Civil Procedure is May 27, 2008. Plaintiff shall respond by this date.

Additionally, the court finds that while it is appropriate to deny plaintiff's motion to reconsider, it will extend plaintiff's response deadline for all currently pending motions to dismiss up to and including May 27, 2008. The court expects briefings responsive to the various motions to dismiss by May 27, 2008 and will look unfavorably towards any acts taken by the parties which would further delay rulings on these motions.

Accordingly,

**IT IS THEREFORE ORDERED** that plaintiff's Motion for Reconsideration of Judge Sebelius' Order Doc. 85 (Doc. 91) is hereby denied. Plaintiff shall file responses to the currently pending motions to dismiss no later than **May 27, 2008.**

**IT IS SO ORDERED.**

Dated this 8th day of May, 2008, at Topeka, Kansas.

s/ K. Gary Sebelius
K. Gary Sebelius
U.S. Magistrate Judge