IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

GEORGE MILAM HALL,

                Plaintiff,

Vs.                                                 No. 07-4128-SAC

DOUGLAS P. WITTEMAN, et al,

                Defendants.

**MEMORANDUM AND ORDER**

This case comes before the court on motions to reconsider this court's order dated March 12, 2008 (Dk. 62) and on plaintiff's request for oral argument.

The court appreciates the parties' briefs regarding this matter. Defendant Fromme contends that the court erred in a statement of law, and plaintiff contends that the court misunderstood his argument. The briefs have been helpful in clarifying the *pro se* plaintiff's theory to the court.

The court first examines defendant Fromme's motion to reconsider. A motion for reconsideration is appropriate where the court has misapprehended the controlling law. *See Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir.1991)). Defendant contends that the court

misstated the law in stating:

> Plaintiff's conclusion that defendant Fromme must have pleaded in his official capacity is based in large part upon the fact that defendant Fromme included the defense of "absolute judicial immunity" in his motion to dismiss...which defense is available to the defendant only in his official capacity. The court understands plaintiff's argument...

Dk. 62, p. 5.

The court's intent, although inartfully stated, was not to make a finding as to the applicable law but was only to summarize its understanding of the plaintiff's position. Defendant is correct that a judge, in his individual capacity, can be entitled to judicial immunity where the claims against him are based entirely on actions he took in his judicial capacity and within his jurisdiction as a state court judge. *See Gradle v. Oklahoma*, 203 Fed.Appx. 179, 182, 2006 WL 2130508, 3 (10th Cir. 2006). This memorandum shall serve as a revision of the court's prior dicta to the extent necessary to preclude confusion.

The court next addresses plaintiff's motion to reconsider. A motion for reconsideration is appropriate where the court has misapprehended a party's position. *See Van Skiver*, 952 F.2d at 1243. Plaintiff has timely clarified that his claims against defendant Fromme are not based on any actions defendant took in his judicial capacity or within his jurisdiction as a

state court judge.[1] Instead, plaintiff claims that this defendant acted at all times as a private citizen and at no time as a state actor or under color of state law. Plaintiff admits he has brought no §1983 claim against defendant Fromme. (Dk. 71, 75.)

Plaintiff claims that defendant Fromme was sued, neither in his official nor in his individual capacity - just in his "private" capacity - but failed to respond in that capacity. (Dk. 71, 75). The court, having reviewed the course of the proceedings, disagrees and reaffirms its prior ruling, finding that defendant's Fromme's timely motion to dismiss (Dk. 9) constitutes a sufficient responsive pleading by him in the capacity in which he was sued and precludes a default judgment against him. Whether defendant Fromme acted "privately," or under color of state law remains to be determined.

Plaintiff also renews his request for oral argument of this and other motions. *See e.g.*,Dk. 44, 71, 75 ,95. Because the court does not routinely hold oral argument on motions for default judgment, motions to reconsider, motions to dismiss, or other dispositive motions, and sees no reason to

---

[1] The court understands plaintiff's position that a judge is not immune from liability for nonjudicial acts, *i.e.*, actions not taken in the judge's judicial capacity, but has not yet addressed that issue.

3

depart from that practice in this case, this motion is denied. Plaintiff has adequately demonstrated his ability to communicate in writing.

The court notes that discovery has effectively been stayed pending the court's decision of the multiple pending motions to dismiss. The court will review the dispositive motions forthwith and shall then address all procedural and substantive issues raised in them, including plaintiff's claim that defendant Fromme is not entitled to any immunity, as necessary to resolution of such motions.

IT IS THEREFORE ORDERED that defendant Fromme's motion to reconsider (Dk. 65) is granted in part, and that plaintiff's motion to reconsider (Dk. 70, 74) is denied.

IT IS FURTHER ORDERED that plaintiff's motion for oral argument (Dk. 95) is denied.

Dated this 20th day of May, 2008.

                              s/ Sam A. Crow
                              Sam A. Crow, U.S. District Senior Judge