**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | | |
|---|---|---|
| **GEORGE MILAM HALL,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 07-4128-SAC** |
| | ) | |
| **DOUGLAS P. WITTEMAN, *et al.*,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## REPORT & RECOMMENDATION

This matter comes before the court on the Motion to Join Additional Parties (Doc. 81). Plaintiff requests to amend his Complaint to join as defendants Catherine Faimon, Chris Faimon, Kathy Payne, Faimon Publications, L.L.C., and the Coffey County Republican. No response has been filed by any defendants and the time for doing so has passed.[1] Therefore, the court is prepared to rule.

### I. Relevant Factual Background

Plaintiff commenced this action on November 2, 2007 in United State District Court for the District of Kansas. Plaintiff alleges that defendants conspired against him to publish a defamatory advertisement in the Coffey County Republican ("the Republican") and interfered with an advertisement plaintiff paid to have run in the Republican. Plaintiff has brought nine causes of action including: (1) Violation of Civil Rights, 42 U.S.C. § 1983; (2) Conspiracy to Violate Civil Rights, 42 U.S.C. § 1985; (3) Violation of RICO, 18 U.S.C. § 1962; (4) Invasion of

[1] D. Kan. Rule 7.4 provides in relevant part: "The failure to file a brief or response within the time specified within Rule 6.1[(d)] shall constitute a waiver of the right thereafter to file such a brief or response . . . . If a respondent fails to file a response within the time required . . . , the motion will be considered and decided as an uncontested motion, and ordinarily will be granted without further notice."

Privacy and False Light; (5) Defamation; (6) Outrageous Conduct; (7) Negligent and Intentional Infliction of Emotional Distress; (8) Tortious Interference with Contract; (9) Fraud through Silence and Civil State Conspiracy. In the caption of his complaint, plaintiff did not name Catherine Faimon, Chris Faimon, Kathy Payne, Faimon Publications, L.L.C., or The Coffey County Republican as defendants, and as a result, those parties were not served process by the clerk's office as were the other named defendants per court order granting plaintiff leave to proceed *in forma pauperis* (Doc. 4).

## II. Plaintiff's Contentions

Plaintiff contends that he should have leave to amend his complaint to join as defendants Catherine Faimon, Chris Faimon, Kathy Payne, Faimon Publications, and the Republican because proceeding without these parties would result in prejudice to plaintiff and prejudice to the named defendants. Plaintiff contends that the parties are necessary to the action under Fed. R. Civ. P. 19, and that the amendment should be permitted because justice so requires.

## III. Discussion

As an initial matter, because plaintiff seeks to join additional parties the court must analyze plaintiff's motion under the rules for joinder of parties and the rules for amendment of pleadings, respectively.

### A. Rule 19 Joinder of Persons Needed for Just Adjudication

Rule 19(a) states that a person is necessary to an action if:

> (1) in the person's absence complete relief cannot be accorded among those already parties, or (2) the person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may (i) as a practical matter impair or impede the person's ability to protect that interest or (ii) leave any of the persons already parties subject to a substantial risk

> of incurring double, multiple or otherwise inconsistent obligations by reason of the claimed interest.

The court finds that none of the proposed defendants are necessary to the action and need not be joined mandatorily. The court finds that relief can be so fashioned in the parties' absence such that complete relief can be afforded to those already parties. Therefore, the court holds joinder pursuant to Rule 19 is not appropriate in this case.

**B. Rule 20 Permissive Joinder of Parties**

Rule 20 governs permissive joinder of parties to an action and states that persons may be joined in one action as defendants if:

> any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and any question of law or fact common to all defendants will arise in the action.

Thus, Rule 20 outlines a two-part test for permissive joinder of a party, requiring (1) that the claims against the parties arise from the same transactions or occurrences, and (2) that there exist common questions of law or fact among all defendants. The purpose of Rule 20(a) is "to promote trial convenience and expedite the final determination of disputes, thereby preventing multiple lawsuits."[2] Courts generally construe Rule 20(a) broadly and "joinder of claims, parties, and remedies is strongly encouraged."[3] The court holds that Catherine Faimon and the Republican are proper parties under Rule 20 because plaintiff asserts jointly claims against these parties arising from the same series of transactions as the claims asserted against the existing

[2] *Biglow v. Boeing Co.*, 501 F.R.D. 519, 520 (D. Kan. 2004) (quoting 7 Wright, Miller & Kane, § 1652, at 395).

[3] *Id.*

defendants, and there are questions of law and fact in common to all defendants. The court further holds that plaintiff has not established a factual basis for the joinder of Chris Faimon, Kathy Payne or Faimon Publications, L.L.C.

Plaintiff's claims against Catherine Faimon and the Republican arise from the same series of occurrences as alleged against the existing defendants. The claims against the existing defendants are, essentially, for federal civil rights violations, violations of RICO, and various state law claims. The conduct of the defendants that is the subject of the allegations consists of actions in concert to publish an advertisement in the Republican, and other sources, that allegedly depicted plaintiff in a negative manner. Additionally, plaintiff claims the defendants acted together to prohibit the second running of an advertisement plaintiff had paid to have run in the Republican. Plaintiff alleges that Catherine Faimon and the Republican joined in this concerted action by permitting the advertisement which allegedly attacked his character to be published and by canceling plaintiff's own advertisement which, purportedly, contained information that incited the defendants in the first place. Plaintiff consulted with and submitted payment for the advertisement to Catherine Faimon. Catherine Faimon is the publisher of the Republican, and later asserted herself as plaintiff's sole contact with the newspaper.[4] The various acts of existing and proposed defendants form a series of transactions from which all the claims arise. Therefore, plaintiff meets the first prong of the Rule 20 test with respect to Catherine Faimon and the Republican.

Plaintiff fails to allege sufficient facts to establish that the actions of Chris Faimon, Kathy Payne or Faimon Publications, L.L.C. arise out of the same series of transactions. In fact, the

---

[4] Doc. 81. Ex. A.

court fails to find any reference to Chris Faimon or Faimon Publications, L.L.C. in plaintiff's complaint. The court will not speculate as to their alleged involvement in the alleged facts that give rise to this case and therefore finds permissive joinder improper. Likewise, Kathy Payne is only mentioned by name in passing in plaintiff's 36-page complaint. In fact, "Kathy Payne" is never referenced in the complaint, although the name "Payne" is listed several times. While the court is willing to assume plaintiff is referring to the same person, it fails to find any alleged improper acts attributed to Kathy Payne. Plaintiff never describes any interaction with her and, again, the court will not speculate as to her involvement. Moreover, plaintiff's own Exhibit[5] to his motion to amend illustrates that Catherine Faimon was to be plaintiff's sole contact at the paper. The court fails to see how the actions of Kathy Payne arise from the same series of transactions as the already named defendant and therefore finds joinder improper.

Plaintiff's claims against Catherine Faimon and the Republican also have questions of fact and law in common with the claims against the existing defendants. The claims made against the existing defendants are for federal civil rights violations, RICO violations and various state law claims. Similar claims are made against the proposed defendants under state and federal law. Plaintiff alleges that Catherine Faimon's conduct was influenced and, allegedly, coerced by the existing defendants in such a manner that Catherine Faimon and the Republican eventually joined the conspiracy to violated plaintiff's rights. There is a significant overlap of factual evidence as well as commonality of law; therefore, plaintiff meets the second prong of the Rule 20 test regarding Catherine Faimon and the Republican.

Because plaintiff has satisfied the requirement of Rule 20 to show that Catherine Faimon

---

[5] Doc. 81. Ex. A.

and the Republican are proper parties, the court holds that they may be properly joined as defendants.

**C. Rule 15 Amending the Pleadings**

Fed. R. Civ P. 15 governs the procedure for amending the pleadings. Plaintiff may amend his pleading once as a matter of course before a responsive pleading is served.[6] Otherwise, a party may amend only by leave of court, and such leave shall be freely given when justice so requires.[7] Because responsive pleadings have been served, the court must determine if leave to amend should be granted under the circumstances presented.

The decision to grant leave to amend after the permissive period lies within the discretion of the trial court.[8] Refusing leave to amend is generally only justified upon a showing of undue delay, undue prejudice to the opposing party, bad faith, or futility of amendment.[9] Where an amendment would be futile due to the statute of limitations, no amendment should be allowed.[10] The court notes that the statute of limitations may have run on plaintiff's defamation claim as to the proposed defendants, making the proposed amendment futile. Even so, the court will leave this determination to be more fully argued, if appropriate, by defendants Catherine Faimon and the Republican.

"[A] motion to amend shall set forth a concise statement of the amendment sought to be

---

[6] Fed. R. Civ. P. 15(a)

[7] *Id.*

[8] *Stewart v. Brd. of Comm'rs for Shawnee County, Kan.*, 216 F.R.D. 662, 664 (D. Kan. 2003).

[9] *Id.*

[10] *Murphy v. Klein Tools, Inc.*, 693 F. Supp. 982, 989 (D. Kan. 1988).

allowed, with a signed original and one copy of the proposed amended pleading, attached."[11] In plaintiff's Motion[12] he concisely states he wishes to join as defendants Catherine Faimon, Chris Faimon, Faimon Publications, L.L.C, the Coffey County Republican and Kathy Payne to the current litigation. Courts prefer to decide issues on the merits rather than to construe technical niceties to preclude resolution on the merits.[13] In this case plaintiff is proceeding *pro se*. As a result, the court cannot find that plaintiff's failure to attach a proposed amended complaint to his motion is such a procedural failing in the circumstances as would justify denial of his motion to amend. Catherine Faimon and the Coffey County Republican are both referred to as defendants throughout the complaint. Therefore, no confusion should exist by adding them as defendants and including their names in the caption of the case.

Thus, the court recommends plaintiff's motion should be granted in part, and the Complaint[14] is deemed to be amended to include as named defendants Catherine Faimon and The Coffey County Republican.

**IT IS THEREFORE RECOMMENDED** that the Motion to Join Additional Parties (Doc. 81) is hereby granted in part and denied in part. Catherine Faimon and the Coffey County Republican shall be joined as defendants to the claims stated in plaintiff's Complaint. The Clerk's Office shall add these names as defendants and proceed immediately with service of process upon defendants Catherine Faimon and the Coffey County Republican. To achieve this

---

[11] D. Kan. Rule 15.1.

[12] Doc. 80.

[13] *Crocker v. Duncan*, 159 F. Supp. 2d 1258, 1270 (D. Kan. 2001)(granting a motion to amend when a proposed amended complaint was not attached).

[14] Doc. 1.

result, plaintiff shall provide to the Clerk's office information regarding the addresses where service upon said defendants may be accomplished.

**IT IS FURTHER RECOMMENDED** that this Order in no way relates to plaintiff's more recent requests in his various responses to defendant's motions to dismiss to amend his complaint. This amendment is only for the purpose of adding Catherine Faimon and the Coffey County Republican as defendants. It does not give plaintiff leave to amend any other portions of his complaint.

Copies of this recommendation and report shall be mailed either electronically or via the United States Postal Service to counsel of record for the parties. Pursuant to 28 U.S.C. § 636 (b)(1), as set forth in Federal Rule of Civil Procedure 72(b) and D. Kan Rule 72.1.4, the parties may serve and file written objections to the recommendation within 10 days after being served with a copy.

**IT IS SO ORDERED.**

Dated this 3rd day of July, 2008 at Topeka, Kansas.

s/ K. Gary Sebelius
K. Gary Sebelius
U.S. Magistrate Judge