IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS


GEORGE MILAM HALL,

                    Plaintiff,

vs.                                              Case No. 07-4128-SAC

DOUGLAS P. WITTEMAN, et al.,

                    Defendants.


### MEMORANDUM AND ORDER

This case comes before the court on motions to dismiss filed by the
Coffey County Bar Association, the Coffee County Republican, and
Catherine Faimon. Dk. 136, 142, 143. Plaintiff opposes the motions. Also
before the court are plaintiff's motion to reconsider (Dk. 127) and plaintiff's
motion for leave to appeal in forma pauperis (Dk. 147).

**Plaintiff's motion for leave to appeal in forma pauperis**

Plaintiff has filed a notice of appeal and has moved this court for
leave to appeal in forma pauperis. *See* Fed.R.App.P. 24(a)(3). Plaintiff's
appeal is premature, *see* Dk. 150, so the court will deny this motion without

prejudice to its reassertion at a proper time. *See also* Dk. 150.[1]

**Plaintiff's motion to reconsider**

Plaintiff has moved the court to reconsider its opinion dated August 6, 2008, which dismissed plaintiff's claims against all defendants but the three whose motions are presently pending before the court. Dk. 126.[2]

Filed within ten days of the entry of judgment, plaintiff's motion to reconsider is treated as a motion to alter and amend pursuant to Rule 59(e) of the Federal Rules of Civil Procedure. Grounds warranting a Rule 59(e) motion include "(1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice." *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir.2000). Thus, this motion to reconsider is appropriate only if the court has misapprehended the facts, a party's position or the controlling law. The court is mindful that a motion to reconsider "is not a second chance for the losing party to make its strongest case or to dress up

---

[1]Tenth Circuit's order tolled briefing on the merits pending its further order, noting its potential summary dismissal of plaintiff's appeal for lack of appellate jurisdiction because all of the claims against all of the parties have not been finally adjudicated.

[2]These three defendants had not yet responded to the plaintiff's complaint because they had only recently been served with process.

arguments that previously failed." *Voelkel v. Gen. Motors Corp.*, 846 F.Supp. 1482, 1483 (D.Kan.), *aff'd*, 43 F.3d 1484 (10th Cir.1994). Nor is it "appropriate to revisit issues already addressed or to advance arguments that could have been raised in prior briefing." *Servants of Paraclete*, 204 F.3d at 1012 (citation omitted).

Plaintiff's motion to reconsider alleges that he was not given sufficient leniency as a pro se party, that he should be permitted to amend his complaint, that defendant Witteman acted either as a state player or a private citizen, that discovery is necessary, and that the court was biased in favor of the defendants because they are mostly attorneys and a judge. Plaintiff asserts new facts: that defendant Witteman is a member of the CCBA, and that Witteman paid for part of the responsive advertisement. Plaintiff's reply (Dk. 145) adds that the court's analysis erred in failing to address the Coffee County Bar Association.

The new facts asserted by plaintiff were available to him earlier, and do not constitute evidence previously unavailable. Nor would they have changed the court's conclusion, had they been earlier revealed. The court did not focus upon the Coffee County Bar Association because it had only recently been joined as a party in this case and its motion to dismiss had

not yet been filed. The court has reviewed plaintiff's motion to dismiss, in light of the standard, and finds no reason to reconsider its previous decision.

**Motions to dismiss**

The court previously entered an order as to other defendants in this case. Dk. 126. The court incorporates by reference the 12(b)(6) dismissal standard recited in that order, and applies it here. The court additionally refers the parties to the court's prior order for a more detailed statement of the law and the facts applicable to this decision.

The court's prior order noted:

> ... the amended complaint fails to state a claim under §1985 and under RICO even as to these unserved Defendants, but the §1983 claim involves individual determinations which cannot be made absent a responsive pleading.

Dk. 126, p. 39, n. 4. Accordingly, plaintiff's claims pursuant to §1985 and RICO against these defendants, who have now been served and have responded to the complaint, are dismissed. This leaves for consideration solely plaintiff's §1983 claim against these three defendants.

**The Coffee County Bar Association**

**Unincorporated associations**

The Coffee County Bar Association (CCBA) seeks dismissal on the

4

ground that it is a voluntary unincorporated association, which cannot be sued in the name of the association. CCBA relies upon the general rule in Kansas, that "in the absence of a statute to the contrary, an unincorporated association is not a legal entity and can neither sue nor be sued in the name of the association." *Prime v. Beta Gamma Chapter of Pi Kappa Alpha*, 273 Kan. 828, 830, 47 P.3d 402, 405 (2002) (quoting *Kansas Private Club Assn. v. Londerholm*, 196 Kan.1, 408 P.2d 891 (1965)). *See The Bradbury Co., Inc. v. Teissier-duCros,* 387 F.Supp.2d 1167, 1176 (D.Kan. 2005); *Frey, Inc. v. City of Wichita,* 11 Kan.App.2d 116, 715 P.2d 417 (1986).

The Federal Rules, however, allow voluntary unincorporated associations to be sued in their own name in federal court for the purpose of enforcing a federal right. *See* Fed.R.Civ.P. 17(b)(3)(A). *University of Texas v. Vratil,* 96 F.3d 1337, 1339 (10th Cir.1996); *Adidas America, Inc. v. National Collegiate Athletic Ass'n,* 64 F.Supp.2d 1097, 1104 (D.Kan. 1999). Thus "an incorporated association that lacks the capacity to sue or be sued under the law of the forum State may still litigate in federal court when the action is brought for the enforcement of a federal right." *Rowland v. California Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 215,

113 S.Ct. 716, 728, 121 L.Ed.2d 656 (1993).

> The federal law exception embodied in Rule 17(b)... serves two purposes. First, it prevents state law from frustrating the enforcement of federal substantive rights where state law does not grant unincorporated associations and partnerships the capacity to be sued. 2 Moore's Manual of Federal Practice & Procedure § 13.02(7) (1998). Second, it "eliminates the need to individually sue all members of the association or partnership, if the membership is so large that joinder is impracticable to maintain suit against the members as a class." *Id.*; accord *Law v. National Collegiate Athletic Ass'n*, 167 F.R.D. 464, 474-75 (D.Kan.1996), *vacated on other grounds*, 96 F.3d 1337 (10th Cir.1996).

*E.E.O.C. v. St. Francis Xavier Parochial School*, 77 F.Supp.2d 71, 77

(D.D.C.1999). Accordingly, the CCBA, even if an unincorporated

association, has the capacity to be sued in this court as to plaintiff's federal

claim pursuant to §1983.[3]

### Incorporation of other arguments/ § 1983

CCBA additionally incorporates the arguments made by its individual

members in their motion to dismiss, Dk. 22. The court thus determines

whether plaintiff's complaint fails to state a §1983 claim upon which relief

can be granted. See Fed. R. Civ. Pro. 12(b)(6).

The complaint claims the Coffey County Bar Association threatened

---

[3]To the extent CCBA may contend that it is not a legal entity that can be sued, separate from the issue of capacity, the court refers it to *Rowland's* discussion of an artificial entity subject to suit. *See* 506 U.S. at 215.

to sue the publisher of *The Coffey County Republican* if she printed Paintiff's Advertisement a second time, and coerced her into publishing the Responsive Advertisement instead of publishing Plaintiff's Advertisement a second time.

It is plaintiff's burden to show that this defendant acted under color of state law in Section 1983 claims. *See Dry v. City of Durant*, 242 F.3d 388, 2000 WL 1854140 (10th Cir. 2000).

The mere fact that the word "County" is in the association's title does not establish that the Coffey County Bar Association is an arm of the state or that its acts are done "under color of state law" for purposes of §1983. Local bar associations are generally private and voluntary associations of lawyers who practice or reside in a particular geographic area. *See Kaimowitz v. Eighth Judicial Circuit Bar Ass'n*, 2008 WL 780743, 4 (N.D.Fla. 2008) (dismissing §1983 case for lack of state action because a local Bar Association was a private voluntary bar association.) Plaintiff has not alleged that membership in The Coffey County Bar Association is required for any purpose, or that the bar association regulates the practice of law or  otherwise performs any function traditionally exercised by the State. *See State ex rel. Stephan v. Williams*, 246 Kan. 681, 691, 793 P.2d

7

234 (1990) ("The authority to admit a person to the bar of Kansas and to authorize the practice of law in Kansas is vested solely in the Kansas Supreme Court.") Here, the term "Coffee County" serves merely as a geographic descriptor, rather than as indication that the group is an "arm of the state" or is a political subdivision of the State of Kansas.

Under these circumstances, the Complaint fails to show that the Coffey County Bar Association acted under color of law. Nor has plaintiff identified any policy or custom of this defendant that served as the "moving force" behind the alleged deprivation of plaintiffs' constitutionally protected rights or shown that its private activity is otherwise properly attributed to the state. Accordingly, no §1983 claim has been stated against this defendant.

**Faimon defendants**

The Coffee County Republican and its publisher, Catherine Faimon, move to dismiss the §1983 claims on the basis that their acts were not under color of state law, and that no underlying constitutional deprivation is alleged.

The complaint alleges that on or about October 30, 2006, plaintiff had more than eight hours of telephone and written contact with defendant Faimon in which he proved to her that his statements about Judge

8

Fromme's treatment of his mother were true, in part by showing her court records. As of October 31, 2006, defendant Faimon had no objection to plaintiff's advertisement. On that date, the Coffee County Republican ran his advertisement in a letter to the editor. Plaintiff contracted with the Coffee County Republican to run his advertisement two other times, and paid in advance for that service. Dk. 1, para. 8-11. Plaintiff's advertisement appeared once in the Coffee County Republican but was not published a second time. Instead, on November 3, 2006, the date plaintiff expected his advertisement to run a second time, the Coffee County Republican published the responsive advertisement,[4] which plaintiff believes is libelous.

It is plaintiff's burden in a Section 1983 claim to show that these defendants acted under color of state law. *See Dry v. City of Durant*, 242 F.3d 388, 2000 WL 1854140 (10th Cir. 2000). The mere fact that the word "County" is in the newspaper's title does not establish that The Coffey County Republican is an arm of the state or that its acts are done "under color of state law" for purposes of §1983. Here, as with The Coffee County Bar Association, the term "Coffee County" serves merely as a geographic

---

[4]*See* Dk. 126.

descriptor, rather than as indication that the entity is an "arm of the state" or is a political subdivision of the State of Kansas.

Generally, a newspaper is a private enterprise, not a state actor and cannot be held liable under §1983 for publishing the news. *Williams v. Savannah Morning News,* 2007 WL 2302327, 1 (S.D.Ga. 2007)*, citing Wellman v. Williamson Daily News*, 582 F.Supp. 1526, 1527 (D.C.W.Va. Apr. 13, 1984);*Tique v. Thomas*, 1985 WL 42, at *1 (E.D.Pa. Nov. 26, 1985). This remains true even when the newspaper publishes information received from police or other state officials. *Skinner v. Dwyer*, 1992 WL 265995 at *2 (N.D.N.Y.1992).

The same is true for the publisher, defendant Catherine Faimon.  A private newspaper, its publisher and its editor-in-chief do not, as a matter of law, act under color of law so as to be liable under Section 1983. *Banks v. Pittsburgh Tribune Review* 2007 WL 1314617, 4 (W.D.Pa. 2007). "Actions by reporters, journalists, or newspapers in publishing or airing a news story do not constitute the requisite "state action" to support a §1983 claim." *Richard v. Graves*, 2008 WL 2977794, 2 (W.D.Ark. 2008).

Here, none of the facts alleged in the complaint raise the possibility that either of these defendants is a state actor. Further, there is no basis for

any allegation that either of them conspired with any public official,[5] or that their private activity is otherwise properly attributed to the state. Accordingly, no state action is present.

**State claims**

Because no viable federal claim has been presented, the court lacks any basis for subject matter jurisdiction. The court declines to exercise supplemental jurisdiction over plaintiff's state law claims, and dismisses them without prejudice.  *See* 28 U.S.C. §1367(c)(3); *Bauchman v. West High Sch.*, 132 F.3d 542, 549 (10th Cir. 1997), cert. denied, 524 U.S. 953 (1998).

IT IS THEREFORE ORDERED that the motions to dismiss filed by the Coffey County Bar Association, the Coffey County Republican, and Catherine Faimon (Dk. 136, 142, 143) are granted. Plaintiff's federal claims are dismissed for failure to state a claim upon which relief may be granted, and plaintiff's claims arising under state law are dismissed without prejudice.

IT IS FURTHER ORDERED that plaintiff's motion to reconsider (Dk. 127) is denied and that plaintiff's motion for leave to appeal in forma

---

[5] See Dk. 126, finding no basis for allegations that other defendants are state actors.

pauperis (Dk. 147) is denied without prejudice.

     Dated this 1st  day of October, 2008.

                          s/ Sam A. Crow

                          Sam A. Crow, U.S. District Senior Judge

12